**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TANGIE OLIVER,**

                  **Plaintiff,**

-vs-                                        **Case No. 6:10-cv-1106-Orl-31DAB**

**PORTSIDE CARE CENTER, LLC;**
**BAYSIDE CARE CENTER, INC.;**
**STEPHEN ODU; and BEATRICE ODU,**

                  **Defendants.**

## ORDER

This matter comes before the Court on the Motion for Summary Judgment (Doc. 31) filed by the Plaintiff, Tangie Oliver ("Oliver") and the Motion for Summary Judgment (Doc. 32) filed by the Defendants. In resolving these motions, the Court has also considered the responses filed by the Defendants (Doc. 36) and by Oliver (Doc. 37), as well as Oliver's reply (Doc. 38) to the Defendants' response.

**I.    Background**

Except where indicated, the following information is undisputed. Defendants Portside Care Center, LLC ("Portside Care") and Bayside Care Center, Inc. ("Bayside Care") provide caregiver services to elderly residents at their facilities. Defendants Stephen and Beatrice Odu are the administrators of those facilities. Oliver was employed to provide caregiver services at both Portside Care and Bayside Care between August 2009 and June 2010. According to the Plaintiff's Statement of Undisputed Facts (Doc. 30), Oliver began as a part-time employee, but from mid-

October 2009 through June 2010, her typical work schedule was one week on, one week off. During the week she was "on," she would spend seven full days at the facility, including sleeping there. According to her (amended) answers to the Court's interrogatories, Oliver would usually work three or four 24-hour "shifts" in a particular work week, and would receive $100 for each shift worked. (Doc. 27-1 at 3-9). Although three or four shifts worked in a week was the most common amount, Oliver's answers indicate she worked as few as one (Doc. 27-1 at 9) and as many as seven (Doc. 27-1 at 8) shifts in a work week.

A person paid $100 for a 24-hour shift has received an hourly wage of $4.17. The applicable minimum wage during the period pertinent to this suit was $7.25 per hour. Oliver seeks to recover $3.08 for every hour of every shift she worked, plus another $3.13 in overtime compensation for every hour she worked beyond 40 in a given week, for a total of $17,147.84 in allegedly unpaid wages, as well as an equal amount of liquidated damages, plus attorney's fees.

Although the parties mostly talk past each other in their respective motions and responses, the primary issues to be resolved are, first, whether Oliver was exempt from the minimum wage and overtime provisions of the FLSA, and second, whether Oliver is entitled to be paid for all or merely some of the 24 hours of each of her shifts.[1]

## II.   Legal Standard

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

---

[1] In her motion, Oliver also argues that the Odus were her joint employers for purposes of the FLSA. The Defendants do not dispute this in their own motion or in their response to Oliver's motion.

The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the nonmoving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

The Court must consider all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolve all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The Court is not, however, required to accept all of the non-movant's factual characterizations and legal arguments. *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458-59 (11th Cir 1994).

**III.     Analysis**

The FLSA requires employers to pay a minimum hourly wage, 29 U.S.C. § 206(a), and overtime wages equal to one and one-half times the employee's regular rate for all work performed in excess of 40 hours per week, 29 U.S.C. § 207(a).  Where an employee resides on an employer's premises or works at home, a Department of Labor regulation interpreting the FLSA provides guidance in determining the number of hours worked.  It states that

> An employee who resides on his employer's premises on a permanent basis or for extended periods of time is not considered as working all the time he is on the premises.  Ordinarily, he may engage in normal private pursuits and thus have enough time for eating, sleeping, entertaining, and other periods of complete freedom from all duties when he may leave the premises for purposes of his own.  It is, of course, difficult to determine the exact hours worked under these circumstances and any reasonable agreement of the parties which takes into consideration all of the pertinent facts will be accepted.  This rule would apply, for example, to the pumper of a stripper well who resides on the premises of his employer and also to a telephone operator who has the switchboard in her own home.

29 C.F.R. § 785.23.  In her deposition, Oliver testified that during her 24-hour shifts she was permitted to have visitors, read books, surf the internet, and watch television, and that she slept five to seven hours per shift.  (Doc. 35-1 at 47-50).  The Defendants characterize 29 C.F.R. § 785.23 as an exception to the FLSA's overtime requirements, and argue that Oliver's "admissions" about being able to engage in these personal pursuits at work shows that she meets the requirements for it.  However, the Defendants mischaracterize the regulation.  By its plain language, it deals with calculating the number of hours worked by an employee, not the applicability of the overtime provisions of the FLSA.  Regardless of her deposition testimony, the regulation does not provide a basis for concluding that she was not entitled to time and a half for those weeks where she worked more than 40 hours.

Turning to a recognized exception, 29 U.S.C. § 213 provides that the FLSA's minimum wage and overtime provisions do not apply to

> any employee employed on a casual basis in domestic service employment to provide babysitting services or any employee employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves (as such terms are defined and delimited by regulations of the Secretary).

29 U.S.C. § 213(a)(15). The Defendants characterize Oliver's job duties as a "caregiver" as, in essence, those of providing companionship services for people unable to care for themselves, as described in Section 213(a)15), and argue that she meets the requirements for the exception. However, job duties alone are not enough to qualify; the Defendants must also show that Oliver provided the companionship services "in domestic service employment," 29 U.S.C. § 213(a)(15), which Oliver disputes. Section 552.3 of Chapter 29 of the C.F.R. defines the term:

> As used in section 13(a)(15) of the [FLSA], the term domestic service employment refers to services of a household nature performed by an employee in or about a private home (permanent or temporary) of the person by whom he or she is employed. The term includes employees such as cooks, waiters, butlers, valets, maids, housekeepers, governesses, nurses, janitors, laundresses, caretakers, handymen, gardeners, footmen, grooms, and chauffeurs of automobiles for family use. It also includes babysitters employed on other than a casual basis. This listing is illustrative and not exhaustive.

29 C.F.R. § 552.3. According to Oliver's deposition testimony, the homes where she worked were group homes, not private homes of her employer(s). The Defendant has not pointed to any regulation or case law supporting the proposition that the "companionship services" exception applies in a group home situation. Summary judgment must therefore be denied as to this point.

Oliver argues that she is entitled be paid for every minute of each of her 24-hour shifts. She points to 29 C.F.R. § 785.22(a), which provides that

-5-

> Where an employee is required to be on duty for 24 hours or more, the employer and the employee may agree to exclude bona fide meal periods and a bona fide regularly scheduled sleeping period of not more than 8 hours from hours worked, provided adequate sleeping facilities are furnished by the employer and the employee can usually enjoy an uninterrupted night's sleep. If sleeping period is of more than 8 hours, only 8 hours will be credited. Where no expressed or implied agreement to the contrary is present, the 8 hours of sleeping time and lunch periods constitute hours worked.

Oliver argues that there was no agreement between herself and the Defendants to exclude sleep hours and that, in any event, she was not provided with private quarters, as would be required to constitute "adequate sleeping facilities" to make her sleep time excludable. Therefore, she says, any time she spent sleeping must be counted as hours worked for purposes of the FLSA.

The relevant regulation for purposes of this discussion is not the one cited by the Plaintiff, but rather 29 C.F.R. § 785.23, which is quoted at page 4, *supra*. Though not an exemption from the FLSA's overtime requirements (as the Defendants have argued), it provides guidance for the calculation of hours worked in the particular situation where, as here, the employee resides on the premises of the employer. In such a situation, the employee "is not considered as working all the time [s]he is on the premises." 29 C.F.R. § 785.23. The regulation does provide that the parties can enter into a reasonable agreement defining the number of hours to be worked. Oliver appears to be arguing that there was no such agreement here, and therefore every minute of her shift must be counted as hours worked. However, whereas Section 785.22 provides that hours spent sleeping and eating are compensable in the absence of an agreement to the contrary, Section 785.23 does not. Rather, under Section 785.23, the default provision is that "[a]n employee who resides on his employer's premises on a permanent basis or for extended periods of time is *not* considered as working all the time [s]he is on the premises" (emphasis added).

Of course, if it is shown that Oliver was working every minute she was on the Defendants' premises, the FLSA entitles her to be compensated accordingly. However, according to her testimony, Oliver slept an average of six hours per shift and spent at least some time on personal pursuits. As a result, there is a disputed issue of material fact as to the number of hours she worked in each given week, and summary judgment must be denied.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Motion for Summary Judgment (Doc. 31) filed by the Plaintiff, Tangie Oliver ("Oliver") and the Motion for Summary Judgment (Doc. 32) filed by the Defendants are **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 10, 2011.

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party